**Angelo PERFETTI and Ramona E. Perfetti, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 83–2674.

United States Court of Appeals, Eighth Circuit.

Submitted April 22, 1985 *.
Decided May 16, 1985.

---

* Following oral argument on September 12, 1984, consideration was suspended pending settlement negotiations which the court was advised on April 22, 1985 had terminated unsuccessfully. The case was resubmitted as of the latter date.

·James Fogle, St. Louis, Mo., for appellants.

John Griffin, Dept. of Justice, Washington, D.C., for appellee.

Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

Angelo and Ramona Perfetti appeal from a judgment of the tax court in favor of the Commissioner of Internal Revenue (Commissioner). The tax court entered a judgment for income tax deficiencies for the tax years 1976 and 1977 in the amounts of $4,779.67 and $4,747.63, respectively. For reversal taxpayers argue that the tax court erred in denying deductions for expenses incurred in Angelo Perfetti's employment with the Missouri Air National Guard, expenses incurred in connection with his employment with Eastern Airlines, and expenses incurred in connection with his purchase and use of a private airplane. For the reasons discussed below, we affirm in part and reverse and remand in part.

Angelo Perfetti has been employed by the Missouri Air National Guard (guard) since 1963 and by Eastern Airlines (Eastern) since 1966. During the tax years 1976 and 1977 Angelo Perfetti was employed by Eastern as a flight engineer. Perfetti was based in New York and his tax home was in New Jersey. During this time Perfetti was also employed as a pilot for the guard, which is based at Lambert International

Airport in St. Louis, Missouri. Since 1969 Perfetti's family has resided in Highland, Illinois, which is fifty miles from the guard base.

During tax years 1976 and 1977 Perfetti earned $7,912.72 and $7,454.29 from his employment with the guard, and pursuant to 26 U.S.C. § 162(a)(2) claimed related business deductions of $9,192.10 and $10,-144.58, resulting from air fare, travel, meals and lodging. The lodging expense was calculated on the amount of time Perfetti stayed at his family residence. Perfetti calculated that he spent 41.94 and 41.55 percent of 1976 and 1977 at the family residence and claimed the amount of those percentages of the residence's expenses (utilities, real estate taxes, insurance, repairs and maintenance) as his deduction. Meal expenses were based on a standard deduction depending on the location. The guard expenses also included meals and transportation costs for two weeks of mandatory annual active duty in Wisconsin.

At trial it was established that Eastern required Perfetti to change his base frequently. In addition, it was established that it would have been difficult for Perfetti to transfer guard units. For these reasons, Perfetti did not attempt to transfer to a guard unit near his tax home. Of the 204 days or parts of days in 1976 and the 213 days in 1977 Perfetti spent in the St. Louis area, 50 days in 1976 and 70 days in 1977 were unrelated to guard duty.

The Commissioner disallowed in full the claimed deductions on the ground that the expenses were not ordinary and necessary to Perfetti's guard employment and for lack of substantiation. The Commissioner asserted that Perfetti's primary motivation for traveling to the St. Louis area was personal (to visit his family), not business. The tax court agreed.

The regulations provide:

If a taxpayer travels to a destination and while at such destination engages in both business and personal activities, travel expenses to and from such destination are deductible only if the trip is related primarily to the taxpayer's trade or business. If the trip is primarily personal in nature, the traveling expenses to and from the destination are not deductible even though the taxpayer engages in business activities while at such destination.

Treas.Reg. § 1.162–2(b)(1). "Whether a trip is related primarily to the taxpayer's trade or business or is primarily personal in nature depends on the facts and circumstances of each case." *Id.* § 1.162–2(b)(2). Furthermore, unless the tax court's finding as to motivation is clearly erroneous, a "[t]ax [c]ourt's inferences and conclusions on such a factual matter, under established principles, should not be disturbed by an appellate court." *Commissioner v. Flowers*, 326 U.S. 465, 470, 66 S.Ct. 250, 252, 90 L.Ed. 203 (1946).

■ In this case the tax court weighed several factors to determine Perfetti's primary motivation. The court noted that the fact that Perfetti earned over $7,000 each year from guard duty and that it would have been difficult for him to transfer guard units suggested a business motivation. On the other hand, the court noted that Perfetti spent 50 to 70 days each year in the St. Louis area on nonguard duty and that his claim of deductions exceeding his earnings suggested a personal motivation. The court concluded that the weight of the evidence supported the conclusion that Perfetti's primary motivation in traveling to St. Louis was personal and disallowed all travel expenses.

■ On the record before us, we cannot conclude that the tax court's finding was clearly erroneous. As recently stated by the Supreme Court, "[w]here there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, —— U.S. ——, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).

■ In the alternative, Perfetti argues that if the tax court was correct in finding that his primary motivation for traveling to St. Louis was personal, the court erred in

disallowing all expenses relating to guard duty. The regulations provide that even though a trip is primarily personal "expenses while at the destination which are properly allocable to the taxpayer's trade or business are deductible even though the traveling expenses to and from the destination are not deductible." Treas.Reg. § 1.162–2(b)(1).

We agree with Perfetti that the tax court summarily concluded that he had not properly allocated his expenses and that the court ignored evidence of proper allocation between business and personal expenses. Our review of the record convinces us that the tax court overreacted by disallowing all deductions related to guard duty because of its perception that Perfetti overreached by claiming family expenses as business deductions. This case must be remanded to the tax court for a determination of those expenses attributable to guard duty. These expenses should include, but are not limited to, Perfetti's expenses related to annual guard duty in Wisconsin, cost of automobile travel from his family residence to the guard base, and any airfare for the sole or primary purpose of attending guard duty. Furthermore, on remand Perfetti should be allowed to deduct his real estate taxes as a personal deduction, rather than as a business deduction, as he originally claimed. *See* 26 U.S.C. § 164.

■ Perfetti's employment with Eastern Airlines required him to spend substantial amounts of time away from his home base. Perfetti kept a daily diary in which he recorded the day, the city, and the type of meals he consumed away from his tax base. Perfetti, however, did not record the exact amount of the meal but rather used a standard deduction for each meal. After deducting employer reimbursements, Perfetti claimed deductions of $618.35 and $868.95. The Commissioner disallowed the deductions for lack of substantiation. The tax court agreed.

The Code provides that in order to be entitled to a deduction for traveling expenses (including meals) the taxpayer must "substantiate by adequate records ... the amount of such expense." 26 U.S.C. § 274(d). The regulations provide that to meet the statutory "adequate records" requirement the "taxpayer shall maintain an account book, diary ... and documentary evidence ... sufficient to establish each element of an expenditure...." Treas. Reg. § 1.274–5(c)(2)(i). An "element of an expenditure" includes the amount, time and place and business purpose. *Id.* § 1.274–5(b)(1)(i)(ii) and (iii). The regulations, however, allow the amount of daily costs of meals to be aggregated, *id.* § 1.274–5(b)(2)(i), and exempt the documentation requirement for expenses of less than $25, *Id.* § 1.274–5(c)(2)(c)(iii)(b). Perfetti reasons that because documentation is not required for expenses under $25, a taxpayer need not record the exact amount of meals under $25 but instead can rely on a standard deduction. The tax court disagreed, holding that the regulations expressly provide that each element, including the amount, of any expenditure must be established by an account book, diary or similar record. The tax court refused to apply the rule of *Cohan v. Commissioner,* 39 F.2d 540 (2d Cir.1930), by which the tax court was allowed to estimate the amount of a travel expense. The court found that the legislative history made clear that § 274(d) was "intended to overrule, with respect to ... [travel] expenses the so-called *Cohan* rule. H.R.Rep. No. 1447, 87th Cong., 2d Sess. (1962) ...; S.Rep. No. 1881, 87th Cong., 2d Sess. (1962)...." *See also* Treas.Reg. § 1.274–5(a) (§ 274(d) supersedes *Cohan*).

The court also rejected Perfetti's argument that it would have been an undue burden for him to record the exact amount of each meal. On appeal Perfetti points out that Rev.Proc. 83–71 allows taxpayers to deduct a standard amount for meals "to relieve taxpayers of the burden of keeping records of the amount of each expenditure otherwise required by section 1.274–5 of the Income Tax Regulations." The Commissioner, however, correctly notes that the revenue procedure by its own terms is only applicable to expenses paid or incurred

after December 31, 1982. Therefore, we find the deductions for meals were not improperly disallowed.

On June 19, 1976 Perfetti purchased a Cessna airplane for $12,000. In 1976 he claimed a deduction of $2,353.47, and in 1977 a deduction of $3,349.37. Perfetti maintains that he bought the airplane in part to maintain and improve his skills as a pilot.[1] The tax court disallowed the deduction as an educational expense and disallowed an investment tax credit.

The regulations provide that educational expenses are deductible as an ordinary and necessary business expense if the education maintains or improves skills required by the taxpayer in his employment, meets the express requirements of an employer, or is necessary by applicable law or regulation. Treas.Reg. § 1.162–5(a)(1) and (2). Here, the court found that although the purchase of the plane was an ordinary expense, it was not a necessary expense. The court reasoned that Perfetti could have obtained the same flying experience with less expense by renting a plane. *See Boser v. Commissioner*, 77 T.C. 1124, 1133 (1981). In addition, the court found that Perfetti offered no proof as to the number of hours required by the Federal Aviation Administration to maintain a commercial license or how many of the hours Perfetti had flown had contributed to keeping his license current. *See id.* at 1134. On the record before us, we cannot find that the court improperly disallowed the deduction as an educational expense.

Accordingly, this case is reversed and remanded to the tax court for further proceedings consistent with this opinion.

1. Perfetti also maintains that he purchased the airplane as a primary means of transportation between his family residence in Highland, Illinois, and his guard base in St. Louis. The tax court found that its holding that travel expenses incurred as a result of guard duty were disallowed barred the deduction as a business expense. Although we believe that the cost of travel between Perfetti's family·residence and his guard base should be allowed as a business

deduction, *see* text *supra*, the amount of the deduction must be reasonable. *See Audano v. United States*, 428 F.2d 251, 256 (5th Cir.1976). In this case we believe the expense should be limited to costs incurred as a result of automobile travel between the family residence and the guard base and that trips by air should be allowed only to the extent that they do not exceed cost of automobile travel.