ANGELO PERFETTI and RAMONA E. PERFETTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perfetti v. Commissioner
Docket No. 27295-81.
United States Tax Court
T.C. Memo 1985-598; 1985 Tax Ct. Memo LEXIS 31; 51 T.C.M. (CCH) 70; T.C.M. (RIA) 85598; December 10, 1985. James L. Fogle and Ruth Zimmerman Reeg, for the petitioners. Michael W. Bitner, for the respondent. COHEN
SUPPLEMENTAL MEMORANDUM OPINION COHEN, Judge: In Perfetti v. Commissioner,762 F.2d 638 (8the Cir. 1985), the Court of Appeals for the Eighth Circuit affirmed in part and reversed in part our decision in T.C. Memo. 1983-549. The case was remanded for a determination of expenses attributable to petitioner Angelo Perfetti's employment with the Missouri Air National Guard by allocating between business and personal expenses items incurred by him in traveling from his tax home in New Jersey to the Guard base on St. Louis, Missouri, and his family residence in Highland, Illinois. In response to the judgment of the Court of Appeals, we directed the parties *32 to present by memoranda their agreed or respective positions on the amount of travel expenses that Angelo Perfetti (petitioner) is entitled to deduct under the opinion of the Court of Appeals, supported by specific citations to the record in this case, along with computations for decision and proposed form of decision. From the memoranda submitted in response to our order, it appears that the parties agree only as to the amount of real estate taxes to be allowed in accordance with the opinion of the Court of Appeals, a matter not previously raised before us by petitioners and therefore not discussed in our prior opinion. Respondent indicates that he, in fact, would have conceded this issue had petitioners raised it either before, during, or even after the trial of this case; and the Court thus would have allowed the expenses. In response to this Court's direction that they cite portions of the record supporting the allocation between business and personal expenses that they claim, petitioners refer only to portions of their returns as originally filed and pages of the transcript where petitioner testified that all of the claimed expenses related to travel from New Jersey to *33 St. Louis where the "sole or primary purpose" was "attending guard duty." Petitioners ignore the direction of the Court of Appeals that we allocate between personal and business expenses and the affirmance by the Court of Appeals of our findings that petitioner's primary motivation in traveling to St. Louis was personal. Those findings rejected petitioner's characterization of expenses in the cited testimony. Petitioners' memorandum is equivalent to a mere assertion that the return was correct as filed, and it does not provide citations to evidence adequate to satisfy petitioners' burden of proof. See Rule 142(a), Tax Court Rules and Practice and Procedure; Davis v. Commissioner,674 F.2d 553 (6th Cir. 1982), affg. a Memorandum Opinion of this Court. Respondent, in contrast, has carefully searched the record in an attempt to determine mileage traveled by petitioner in relation to his Guard duty and multiplied that mileage by standard rates applicable during the years in issue. On that basis, respondent now concedes that petitioner is entitled to deductions for "summer camp" duty with the Guard in Wisconsin of $104.40 in 1976 and $118.32 in 1977, as well as the *34 reconstructed costs of automobile travel from the family residence in Highland, Illinois, to the National Guard base in St. Louis of $465.00 in 1976 and $425.00 in 1977. Petitioners have not substantiated any amounts beyond those computed by respondent. See section 274, I.R.C. 1954, as amended. The Court of Appeals also directed us to determine the amount of any air fare incurred by petitioner for the sole or primary purpose of attending Guard duty. Petitioners have claimed the full amount of airline commuting passes used for travel to or from St. Louis, to wit, $830.00 in 1976 and $810.00 in 1977. Respondent has stipulated that those amounts were incurred, so there is no issue of substantiation. We cannot determine from the record, however, that any of these trips were solely or primarily in relation to Guard duty.Petitioner admitted at trial that he did not always report directly for Guard duty after landing at the airport in St. Louis on flights represented by the airline commuting passes. He has not claimed that on any of those trips he did not visit his wife and children in Highland, Illinois, and it seems unlikely that there were any occasions in this category. He again *35 merely reasserts his original contention that he is entitled to all of the expenses claimed, in disregard of the rulings of this Court and of the Court of Appeals. No amounts can be allowed, therefore, in relation to this item. Decision will be entered in accordance with respondent's computations.
[1]
Footnotes
1. Petitioners also ask us to order the payment of their costs on appeal. Those costs are taxed in the judgment of the Court of Appeals and must be pursued as such.↩