TIMOTHY AND KIMBERLY QUASCHNICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Quaschnick v. Commissioner
Docket No. 599-93
United States Tax Court
T.C. Memo 1995-45; 1995 Tax Ct. Memo LEXIS 48; 69 T.C.M. (CCH) 1781; January 30, 1995, Filed *48 Decision will be entered under Rule 155. P performed cutting and "skidding" services in the Black Hills National Forest. Each day, P transported himself and his cutting and skidding equipment from his residence to the first cutting site of the day within the forest, between cutting sites in the forest, and from the last cutting site back to his residence. P deducted the full cost of transporting himself and his equipment both from and to his residence as well as between cutting sites within the forest. R disallowed portions of P's claimed driving, repairs', and supplies' expenses on the grounds that P failed to substantiate the disallowed items. Alternatively, R asserted that the disallowed portion of P's driving expenses represented nondeductible commuting expenses. Held: P did not substantiate the disallowed expenses; thus, their disallowance was proper. Held, further, income claimed on P's Schedule E from equipment rental should have been reported on P's Schedule C. Walker v. Commissioner, 101 T.C. 537 (1993), followed. Timothy and Kimberly Quaschnick, pro se. For respondent: Michael W. Lloyd. NIMS
NIMS
MEMORANDUM OPINION NIMS, *49 Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1988 and 1989 in the amounts of $ 2,045 and $ 1,136, respectively. Additionally, respondent asserted an addition to tax for negligence under section 6662(a) in the amount of $ 101 for petitioners' 1989 taxable year. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues remaining for decision are: (1) Whether petitioners are entitled to deduct the costs incurred by Timothy Quaschnick in driving from his residence to his first work site in the Black Hills National Forest (Forest) and from his last work site of the day back to his residence. (2) Whether petitioners are entitled to deduct supplies' expenses in the amounts claimed on their 1988 and 1989 returns and repairs' expense in the amount claimed on their 1989 return. (3) Whether income reported by petitioners as rental income on their 1988 Schedule E should be recharacterized as income appropriately belonging on a Schedule C. Additionally, respondent determined *50 that: (1) Petitioners were liable for additional self-employment tax in 1988 and 1989, (2) petitioners' earned income credit for 1988 and 1989 should be reduced, and (3) petitioners' 1988 child and dependent care credit should be reduced. These determinations are computational, depending on our resolution of the issues which affect the amount and character of petitioners' income in 1988 and 1989. Respondent has conceded the addition to tax in the amount of $ 101 for negligence under section 6662(a) for 1989. Petitioners are Timothy Quaschnick (petitioner) and Kimberly Quaschnick, husband and wife. At the time that petitioners filed their petition, they resided in Lead, South Dakota. All the facts have been stipulated and are found accordingly. The stipulations of facts and the attached exhibits are incorporated herein by this reference. During 1988 and 1989, petitioner earned a living by cutting and "skidding" timber, under contract, at multiple locations in the Forest. Skidding is the task of pulling cut trees so that they may be loaded onto trucks and hauled to the sawmill. On average, petitioner spent five days per week, 10 hours per day, performing timber services in *51 the Forest. Additionally, petitioner averaged 10 hours per week performing various tasks, at either his residence or his father's residence, related to his timber services, including but not limited to: (1) Record keeping, (2) equipment maintenance, and (3) telephone communication. From January 1, 1988, to mid-year 1989, petitioners resided at an apartment in Lead, South Dakota. From mid-year 1989 until December 31, 1989, petitioners resided in a house located seven miles east of Lead. Both the apartment and the house lacked an area suitable for equipment storage and maintenance; thus, most of the time, petitioner maintained his timber equipment at either his father's residence or in the Forest. Occasionally, petitioner maintained his equipment at his apartment. Petitioner owned this equipment which consisted of primarily chain saws and safety equipment. Petitioner also owned, along with his father, two "skidders". During the years in issue, petitioner performed timber services under contracts from Quaschnick Logging, an entity controlled by petitioner and his father. Each day, petitioner used either a 1976 GMC stock four-wheel drive pick-up truck or a 1973 Chevrolet stock *52 four-wheel drive pick-up truck to travel and transport his equipment: (1) From his residence to the first cutting site, (2) between cutting sites, and (3) from the last cutting site back to his residence. For 1988 and 1989, petitioners deducted, on a Schedule C, $ 4,731, the entire cost of using the trucks to travel and transport equipment both to and from their residence and between the various work sites. Respondent allowed $ 990, the cost of using the trucks between various work sites during the day, but disallowed $ 3,741, the costs associated with traveling from and to petitioners' house at the beginning and end of each day. On a Schedule C, petitioners claimed $ 1,232 for 1988 and $ 3,006 for 1989 of various supplies' and repairs' expenses incurred in the performance of petitioner's timber services. For 1988 and 1989, respondent disallowed $ 267 and $ 2,566, respectively, of these claimed expenses, for which petitioners did not maintain any records or receipts. Additionally, for 1988 petitioners reported, on a Schedule E, equipment rental income in the amount of $ 7,502. A Form 1099-MISC, issued by Quaschnick Logging but not submitted by petitioners with their 1988 return, *53 disclosed a rental payment in the amount of $ 7,502. Respondent recharacterized the entire $ 7,502 as income from timber services appropriately belonging on petitioners' Schedule C. Respondent disallowed petitioners' claimed driving expenses for 1988 and 1989 on two alternative grounds. Initially, respondent argues that petitioners are not entitled to deduct a portion of the expenses claimed because they were not properly substantiated. If we hold that the expenses were properly substantiated then respondent argues that a portion should be disallowed on the grounds that they represent nondeductible commuting expenses. Petitioners bear the burden of proving that respondent's determinations set out in the notice of deficiency are erroneous. Rule 142(a). Generally, taxpayers are permitted to deduct ordinary and necessary expenses incurred in the carrying on of a trade or business. Sec. 162(a). However, section 6001 requires a taxpayer to maintain adequate records in order to substantiate deductions claimed on a return. Additionally, petitioner's pick-up trucks are "listed" property under section 280F(d)(4)(A)(i). Sec. 280F(d)(5)(A); sec. 1.280F-6T(c), Temporary Income Tax *54 Regs., 49 Fed. Reg. 42713 (Oct. 24, 1984). As such, the deductions relating to the use of petitioner's pick-up trucks are subject to the additional substantiation requirements of section 274. Sec. 274(d)(4). Under section 274(d) petitioners may deduct the expenses associated with the use of petitioner's pick-up trucks only if such expenses are substantiated by records disclosing: (1) The amount of the expenses, (2) the time and place of the use of the trucks, (3) the business purpose for using the trucks, and (4) the relationship between the use of the trucks and petitioner's timber trade. Further, in order to satisfy section 274(d)'s substantiation requirement for the use of listed property, the taxpayer's records must contain sufficient information as to each element of every business use. Sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., 50 Fed. Reg. 46018-46019 (Nov. 6, 1985). In order to foster convenience when dealing with computing driving expenses, respondent allows taxpayers the election of using standard mileage rates applied to odometer readings, in lieu of actual documentation of expenses, in order to satisfy *55 the requirements of section 274(d). See Rev. Proc. 88-52, 1988-2 C.B. 711; Rev. Proc. 89-62, 1989-2 C.B. 782. It is evident from the record in this case that petitioner's use of the trucks served a valid business purpose related to his timber trade. However, petitioner did not maintain any records reflecting the actual mileage driven, the fuel purchased, or any other use of his trucks in his timber trade. The record merely contains a map of the Forest area on which the parties indicated the areas in which petitioner performed timber services. Although, the map coupled with additional information in the record could be sufficient to estimate petitioner's mileage under the rule of Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930); section 274(d) does not permit us to do so. See Perfetti v. Commissioner, 762 F.2d 638, 641 (8th Cir. 1985), affg. on this issue, revg. in part T.C. Memo. 183-549; Sanford v. Commissioner, 50 T.C. 823, 828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). *56 Therefore, with respect to driving, petitioners have failed to substantiate the deductions claimed on their returns, and to the extent disallowed by respondent, her determination of these amounts is presumed correct. Having resolved the driving expenses' issue on the grounds of failure to substantiate, we need not consider respondent's alternative assertion that the disallowed portions of the expenses represent nondeductible commuting expenses. Regarding the expenses claimed for repairs and supplies, petitioners have offered no evidence to substantiate the deductions claimed on their returns, and to the extent disallowed by respondent, her determination of these amounts is presumed correct. Regarding petitioners' reporting of rental income in the amount of $ 7,502 on their 1988 Schedule E, "A taxpayer may not determine the nature of his income merely by using a particular form, or by labeling it as he wishes, but must report his income based on the economic realities of the situation." Walker v. Commissioner, 101 T.C. 537, 544 (1993) (citing Frank Lyon Co. v. United States, 435 U.S. 561 (1978); Upham v. Commissioner, 923 F.2d 1328, 1335 (8th Cir. 1991), *57 affg. T.C. Memo. 1989-253). The record is devoid of any evidence that petitioner rented equipment to Quaschnick Logging as part of the timber services' contracts. Rather, the record evidences that petitioner owned, transported, maintained, and utilized the equipment as part of his timber services. As we held in Walker v. Commissioner, supra at 544, under identical circumstances, the income properly belonged on petitioners' Schedule C, not their Schedule E. To reflect the foregoing, Decision will be entered under Rule 155.