NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

P. A. F. EQUIPMENT CO.,
INC., Respondent.

No. 75–1211.

United States Court of Appeals,
Tenth Circuit.

Argued Nov. 11, 1975.

Decided Jan. 15, 1976.

Thomas A. Woodley, Washington, D. C. (Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., on the brief), for petitioner.

William H. Bruckner, Lincoln, Neb., for respondent.

Before BREITENSTEIN, HILL and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Pursuant to § 10(e) of the National Labor Relations Act, 29 U.S.C. § 160(e), the National Labor Relations Board petitions for enforcement of its order requiring respondent P. A. F. Equipment Company to bargain with the union representing its employees. We grant the petition and order enforcement.

United Steelworkers of America petitioned the Board for certification as the bargaining representative of the Company's production and maintenance employees at its Hiawatha, Kansas, plant. The Company admits refusal to bargain but justifies its conduct on the ground that the Board has denied it due process of law. The controversy centers around participation by Company supervisors in the Union's organizational campaign.

The Company raised the question of supervisory participation in an unfair labor practice charge against the Union. The Regional Director dismissed the proceeding. The Company then moved to dismiss the certification petition because of the conduct of its supervisors. In denying the motion the Regional Director said:

"Having administratively investigated and considered Petitioner's showing of interest and eliminating cards involving possible supervisory solicita-

tion, I am nevertheless satisfied that Petitioner's remaining showing of interest is sufficient and valid."

The Company unsuccessfully sought Board review of the Regional Director's action. The election was in favor of the Union, 83–40 with 5 ballots challenged. The Company's timely objections to the election were overruled by the Regional Director. The Board denied the Company's request for review and certified the Union. The Company refused to bargain with the Union. An unfair labor practice charge was filed and the Company defended on the ground of improper certification. The General Counsel's motion for summary judgment was granted. The Board held that the Company had violated § 8(a)(5) and (1) of the Act, 29 U.S.C. § 158(a)(5) and (1) by refusing to bargain. P. A. F. Equipment Company, Inc., 216 NLRB No. 36.

■■■ Section 9(c)(1) of the Act, 29 U.S.C. § 159(c)(1), provides that when a certification petition is filed alleging that a substantial number of employees wish to be represented for collective bargaining, the Board shall investigate and if it finds "that such a question of representation exists", it shall hold an election. The pertinent procedures are set out in 29 C.F.R. Part 101, Subpart C. Section 101.18(a)(4), 29 C.F.R., says that barring special factors, the Board's experience is that "the conduct of an election serves no purpose under the statute unless the petitioner has been designated by at least 30 percent of the employees." The investigation is conducted by a regional office, § 101.18(a). Action of the Regional Director is subject to Board review, § 102.69. The courts have uniformly held that "the validity of the showing of interest is for administrative determination and may not be litigated by the parties, either Employer or Union." *National Labor Relations Board v. Air Control Products of St. Petersburg, Inc.,* 5th Cir., 335 F.2d 245, 250, and cases cited in n. 18; see also *Intertype Company v. National Labor Relations Board,* 4th Cir., 401 F.2d 41, 43.

"The control of the election proceeding, and the determination of the steps necessary to conduct that election fairly were matters which Congress entrusted to the Board alone." *National Labor Relations Board v. Waterman Steamship Corp.,* 309 U.S. 206, 226, 60 S.Ct. 493, 503, 84 L.Ed. 704. The Board's determination of whether to conduct an election is not subject to modification by a reviewing court. *National Labor Relations Board v. P. Lorillard Company,* 314 U.S. 512, 513, 62 S.Ct. 397, 86 L.Ed. 380. Section 9 does not require a hearing before an election. *Inland Empire District Council v. Millis,* 325 U.S. 697, 707, 65 S.Ct. 1316, 89 L.Ed. 1877.

The participation of the supervisors in the organizational efforts was minimal and marginal, without any exercise of coercion or undue influence. The activities of the supervisors were known to the Company before August 31, 1973, when it filed an unfair labor charge against the Union. The election was held on February 15, 1974. The Company had ample opportunity before the election to counter any activity by its supervisors. This is not a case where certification was made on a showing of cards. The Union was certified after the employees had selected it as their bargaining representative by an overwhelming vote. The Company's reliance on *National Labor Relations Board v. Ideal Laundry & Dry Cleaning Company,* 10th Cir., 330 F.2d 712, is misplaced. That case involved the determination of a bargaining unit and the admissibility of evidence pertaining thereto. Nothing in that decision suggests that due process requires a hearing on a nonlitigable issue.

The actions complained of were by the Company's supervisors and were known to the Company long before the election. The Board procedures did not violate the Act or the regulations. Congress gave to the Board the authority to determine whether an election should be held. In making that determination the Board and its officers acted with reason and without any abuse of discretion. There

288

has been no denial of due process. The issues raised by the Company are not litigable in the courts. We agree with the Board that the Company must bargain with the Union.

Enforced.