802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Phillip SADE, Plaintiff-Appellant,
v.
PRESIDENT OF the UNITED STATES; Secretary of the United
States; Treasury, Treasurer of the United States; Federal
Reserve Bank Corporation; Commissioner of the Internal
Revenue Service, Defendants-Appellees.
 No. 85-1487.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1986.
 
 1
 Before ENGEL and GUY, Circuit Judges, and SUHREHEINRICH, District Judge.*
 
 ORDER
 
 2
 The appellant is appealing the May 20, 1985, order of the district court granting the appellees' motion to dismiss in this taxpayer's suit.
 
 
 3
 The appellant, who appeared pro se in district court, is now represented by counsel. The appellees ask for double costs and attorneys' fees incurred by the government on this appeal against both the appellant and his attorney. The district court turned down the request for costs and attorneys' fees in district court.
 
 
 4
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 5
 This is a tax protestor appeal in which appellant seeks redress of various types against the U.S. system of taxation. As noted by the district court, the appellant brings this lawsuit within the sphere of Lex Mercatoria (or commercial law) and its immemorial admiralty and maritime jurisdiction on four bases:return of the premium, or return of W-2 withholdings, a preliminary and interlocutory injunction restraining the Federal Reserve Corporation and its allegedly invalid system, a Writ of Quo Warranto as to all matters and parties pertinent to this action, and summons and subpoenas directing the President of the United States, the Secretary of the Treasury, the United States Treasurer, the Federal Reserve Bank Corporation, the Commissioner of the Internal Revenue Service, and the United States Congress to appear before the district court. The district court found the appellant's claims to be without merit and we affirm.
 
 The appellant raises two issues on appeal:
 
 6
 1) Whether the district court erred in refusing to allow the appellant to file a second amended complaint;
 
 
 7
 2) Whether the appellant stated a cause of action when he charged the Federal Reserve System and the U.S. government with conducting an illegal "wager policy" procedure and imposing that procedure on money withheld from the appellant's income.
 
 
 8
 The appellant claims that he should have been allowed to amend his complaint a second time. The district court allowed the complaint to be amended once. The district court's order of May 20, 1985, shows that the court did consider the appellant's claims. Since the second amended complaint stated no cognizable claim, the interests of justice are served by denying the right to amend. Drake v. B.F. Goodrich Co., 762 F.2d 638, 644 (6th Cir.1986). The leave to amend a complaint "shall be freely given when justice so requires." It is within the discretion of the court to grant or deny such leave. Id.; Federal Rules of Civil Procedure 15(a). The district court did not abuse its discretion.
 
 
 9
 Appellant asserts that this is not a taxpayer's suit but represents a novel legal issue. He alleges
 
 
 10
 that the Federal Reserve Act is a form of a tontine insurance policy and that the Defendant Federal Reserve not only is operating in part an insurance scheme of the I tontine type, but that this policy is, in fact, an--illegal wager policy in that the Federal Reserve Bank Corporation has no interest in the public debt and therefore can sustain no loss and since it cannot sustain loss this lack of risk creates a "wager policy" which is void under the Law of Merchants and Laws of Admiralty. Mr. Sade further alleges that the Federal Reserve Act is a funding system used to supplement revenue which cannot be created by direct taxation. This funding system is also illegal.
 
 
 11
 (Brief of Appellant at 15.)
 
 
 12
 Horne v. Federal Reserve Bank of Minnea S, 344 F.2d 725 (8th Cir.1965) held that citizens and taxpayers lack standing to institute action challenging the constitutionality of the National Bank Act and the Federal Reserve Act. See also Allen v. Wright, 104 S.Ct. 3315, reh'g. denied, 105 S.Ct. 51 (1984); Massachusetts v. Mellon, 262 U.S. 447 (1923). Standing requires a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. The appellant cannot demonstrate this injury.
 
 
 13
 The appellee seeks sanctions against the appellant pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. 5 1912 for abuse of the judicial system by pursuing a wholly frivolous appeal. This Court has recently held it "will not hesitate to award damages when the appeal is frivolous, or taken merely for purposes of delay, involving an issue or issues already 'clearly resolved' " (citations omitted). Martin v. Commissioner, 756 F.2d 38, 41 (6th Cir.1985). See also Beer v. Commissioner, 733 F.2d 435 (6th Cir.), cert. denied, 105 S.Ct. 185 (1984). The district court clearly explained to the appellant that he failed to state a claim upon which relief could be granted but declined to award costs to the appellees because the appellant had not conducted I himself in a manner indicating an improper motive for suing. The appellant, however, chose to continue a claim which he knew to be without merit and found an attorney willing to pursue this frivolous claim. Perkins v. Commissioner, 746 F.2d 1187 (6th Cir.1984); Granzow v. Commissioner, 739 F.2d 265, 269-70 (7th Cir.1984).
 
 
 14
 The appellees also request damages against appellant's counsel pursuant to 28 U.S.C. 5 1927 and Rule 11, Federal Rule of Civil Procedure, stating that "[t]he attorney's dogged pursuit of this claim becomes actionable bad faith once he learns or should have learned that the claim is bound to fail." Moone v. Commissioner, 774 F.2d 570 (2nd Cir.1985). This Court has recently held in Jones v. The Continental Cor oration, No. 85-5489 (6th Cir. filed May 6, 1986) that the "unreasonable and vexatious multiplication" standard of 28 U.S.C. 5 1927 is met when the attorney "though not guilty of conscious impropriety, 'intentionally...[pursues] a claim that lacks plausible legal or factual basis.' " Id. at 7, quoting Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 226-27 (7th Cir.1984). See also Dallo v. Immigration and Naturalization Service, 765 F.2d 581, 589-590 (6th Cir. 1985); Reynolds v. Humko Products, 756 F.2d 467, 473 (6th Cir.1985). Counsel for the petitioner should have been aware of the lack of merit in appellant's legal arguments. The brief filed on appeal does not explain or interpret the assertions in any new or novel way. This is clearly a tax protester case.
 
 
 15
 We conclude that the appellee is entitled to recover double costs and attorney's fees against the appellant and his attorney. It is therefore ORDERED that the appellees' request for double costs and attorney fees against the appellant and his attorney on appeal is granted. The appellees shall submit a detailed schedule of the costs and fees on appeal to the Clerk of this Court within 14 days of the filing date of this order. it is further ORDERED that the district court's judgment be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit. * The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation.