996 F.2d 1216
 145 L.R.R.M. (BNA) 2576, 127 Lab.Cas. P 11,016
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
NTA GRAPHICS, INC., Respondent.
 No. 92-6085.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1993.
 
 Before MERRITT, Chief Judge, and GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an unfair labor practice proceeding in which the National Labor Relations Board (NLRB or Board) makes an application for enforcement of its order to the respondent, NTA Graphics (NTA or the Company), issued on July 24, 1992, and reported at 307 N.L.R.B. No. 224. The parties have waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 NTA is a printing company whose primary product is newspaper advertising inserts. The Board found NTA guilty of unfair labor practices as a result of the Company's refusal to bargain with a certified bargaining unit. Section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 151, et seq. The Company responded by challenging the composition of the bargaining unit. Stated another way, the Company argues that it is under no obligation to bargain with the Union because no labor representative has been chosen in a unit that is appropriate for the purposes of collective bargaining. Therefore, the Company's argument continues, it could not have engaged in an unfair labor practice.
 
 
 3
 The bargaining unit in question was determined by an election conducted on September 25, 1987. The appropriate unit was defined as "all full-time and regular part-time pressroom employees employed by the Employer at its Toledo, Ohio, facility, excluding all clerical employees and all professional employees, guards, and supervisors as defined in the Act and all other employees." The Company's contention throughout the unionization process has been that the only appropriate unit is an all-employee unit, not one limited to lithographic production employees.
 
 
 4
 The standard of review is for abuse of discretion. NLRB v. First Union Management, Inc., 777 F.2d 330, 333 (6th Cir.1985) (review of such a decision "extremely narrow"); Indianapolis Glove Co. v. NLRB, 400 F.2d 363, 366 (6th Cir.1968). But see NLRB v. Engineers Constructors, Inc., 756 F.2d 464, 467 (6th Cir.1985) (despite this broad discretion, careful judicial scrutiny of the Board's action is necessary).
 
 
 5
 In determining whether the unit sought is appropriate, the Board generally seeks to ascertain whether the employees share a "community of interest." See Kalamazoo Paper Box Corp., 136 N.L.R.B. 134, 137 (1962) (community of interest factors). Upon review, we conclude that the Board did not abuse its discretion. The record supports a finding of differences in working conditions sufficient to support a conclusion that the pressmen at the Company enjoy a distinct community of interests. The Company is divided into five functional divisions. The pressroom is one of the departments. In that department, one rises to the level of a "pressman" after three years experience. Before that time, one is considered a "trainee." Cf. Check Printers, Inc., 205 N.L.R.B. 33 (1973) (inappropriate lithographic production unit because of the relatively simple and repetitive nature of the printing product and because the lithographers were trained within a short time). The pressroom is the only department in the Company that designates a skill level promotion after three years experience. This is evidence of a difference in skills and working conditions. See Armco, Inc. v. NLRB, 832 F.2d 357, 362-63 (6th Cir.1987), cert. denied, 486 U.S. 1042 (1988). The main pressroom is physically separated from the other parts of the Company's building by brick walls. This is evidence of a lack of "functional integration." In other words, it tends to suggest that there was not any significant interchange or transfer among employees of the various departments. Furthermore, the record reveals that the pressroom employees have separate supervision, may work a different schedule, wear distinctive uniforms, and are paid on a different scale. All these facts point to a sufficient "community of interests" that justifies the choice of bargaining unit in this case.
 
 
 6
 Accordingly, the application for enforcement of the order issued by the National Labor Relations Board is hereby granted. Rule 9(b)(3), Rules of the Sixth Circuit.