23-6305-ag
*NLRB v. Blue School*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-four.

PRESENT:      DENNIS JACOBS,
              SARAH A. L. MERRIAM,
                   *Circuit Judges*.
              LAWRENCE J. VILARDO,
                   *District Judge*.*

_____

NATIONAL LABOR RELATIONS BOARD,

    *Petitioner*,

      v.                                                                    No. 23-6305-ag

BLUE SCHOOL,

    *Respondent*.

_____

_____

\* Judge Lawrence J. Vilardo of the United States District Court for the Western District of New York, sitting by designation.

FOR PETITIONER:                    JARED H. ODESSKY (Elizabeth A. Heaney, Supervisory Attorney; Jennifer A. Abruzzo, General Counsel; Peter Sung Ohr, Deputy General Counsel; Ruth E. Burdick, Deputy Associate General Counsel; David Habenstreit, Assistant General Counsel, *on the brief*), National Labor Relations Board, Washington, D.C.

FOR RESPONDENT:                    Lawrence D. Levien, Ashton Hupman, Rosa T. Goodman, Littler Mendelson P.C., Washington, D.C.

On application for enforcement of an order of the National Labor Relations Board.

**UPON DUE CONSIDERATION,** the application for enforcement is **GRANTED**.

The National Labor Relations Board ("NLRB") seeks enforcement of its December 8, 2022, order directing respondent Blue School to recognize and bargain with Local 2110, Technical, Office & Professional Union, UAW, AFL-CIO (the "Union"). Blue School concedes that it refused to recognize or bargain with the Union but challenges the election by which the Union was certified. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to grant the application.

As an initial matter, Blue School argues that this Court does not have jurisdiction over the NLRB's application for enforcement because the NLRB severed the issue of certain remedial relief for further consideration, and thus, according to Blue School, the

order the NLRB seeks to enforce here is not final. We disagree. We have jurisdiction to review NLRB petitions for enforcement under Section 10(e) of the National Labor Relations Act. *See* 29 U.S.C. §160(e) ("The Board shall have power to petition any court of appeals of the United States . . . for the enforcement of [its] order[s]."). Like the other Circuits to consider this issue, we conclude that the Board's severance of a discrete remedial issue does not impact our jurisdiction over the Board's application for enforcement. *See N.L.R.B. v. Siren Retail Corp.*, 99 F.4th 1118, 1122-24 (9th Cir. 2024); *Longmont United Hosp. v. N.L.R.B.*, 70 F.4th 573, 578 (D.C. Cir. 2023); *N.L.R.B. v. United Scrap Metal PA, LLC*, 116 F.4th 194, 197 (3d Cir. 2024). We find the reasoning in those cases persuasive. "Whether the Board may . . . order an additional make-whole remedy for [Blue School's] refusal to bargain does not negate the reality that the decision 'consummat[es]' the Board's final statement on the underlying violation and is one 'from which legal consequences' – the requirement to bargain with the Union – 'will flow' if enforced." *Siren Retail Corp.*, 99 F.4th at 1124 (second alteration in original) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)).

Having concluded that we have jurisdiction, we now turn to the merits of Blue School's arguments. Blue School's refusal to bargain with the Union "constitutes a violation of section 8(a)(1) and (5) of the Act, 29 U.S.C. §158(a)(1) & (5), unless [Blue School] can shoulder the heavy burden of establishing that the Board abused its discretion in certifying the election." *N.L.R.B. v. Newton-New Haven Co.*, 506 F.2d 1035, 1036 (2d Cir. 1974) (citation and quotation marks omitted). Blue School argues that the Board abused its discretion in certifying the election because the Regional Director erred

3

first by directing an immediate mail-ballot election, and second by overruling Blue

School's objections without a post-election hearing.

> Our review of NLRB decisions
>
> is quite limited. We must enforce the Board's order where its legal conclusions are reasonably based, and its factual findings are supported by substantial evidence on the record as a whole. As to legal conclusions, we must give the Board considerable deference and afford the Board a degree of legal leeway. And as to factual conclusions, remand is warranted if, after looking at the record as a whole, we are left with the impression that no rational trier of fact could reach the conclusion drawn by [the] Board.

*HealthBridge Mgmt., LLC v. N.L.R.B.*, 902 F.3d 37, 43 (2d Cir. 2018) (citations and

quotation marks omitted). "Congress has entrusted the Board with a wide degree of

discretion in establishing the procedure and safeguards necessary to insure the fair and

free choice of bargaining representatives by employees." *N.L.R.B. v. A. J. Tower Co.*, 329

U.S. 324, 330 (1946). "To justify the setting aside of an election, the challenger must

come forward with evidence of actual prejudice resulting from the challenged

circumstances." *N.L.R.B. v. Arthur Sarnow Candy Co.*, 40 F.3d 552, 558 (2d Cir. 1994)

(citation and quotation marks omitted). "The burden of setting aside an election is a

heavy one and falls upon the party attacking it." *Polymers, Inc. v. N.L.R.B.*, 414 F.2d 999,

1004 (2d Cir. 1969).

In this case, the broad latitude afforded the decisions of the Regional Director

defeats all of Blue School's challenges. That is not to say that there are no legitimate

questions raised by the employer here. The Union filed its representation petition on June

7, 2021. A few weeks later, at the end of the school year, approximately 48 out of the

school's 93 employees were terminated. The remaining eligible employees were able to

4

vote in the election over the summer and voted overwhelmingly to unionize – 24 votes in favor and four against. Because the election took place over the summer, Blue School had limited opportunity to communicate with the remaining employees about their options. The new employees that joined the school in the fall[1] were bound by the vote, though they had not had the opportunity to participate. In the end, one population of employees made the showing of interest, a second population voted to join the union, and yet a third was subject to the results of that election. In the end, any concerns raised by these events are of little import because Blue School has ceased to exist and none of these populations are employed there anymore.[2]

Blue School has failed to meet its heavy burden. We conclude that the Board did not abuse its discretion in certifying the election.

## I.        Immediate Mail-Ballot Election

Blue School raises two challenges to the Board's decision to conduct an immediate mail-ballot election. First, Blue School argues that the Board should have granted Blue School's request for an opportunity to contest the showing of interest. Second, Blue School argues that the Board erred in affirming the Regional Director's Decision and Direction of Election ordering an immediate mail-ballot election, rather than deferring the election, or conducting a manual, in-person election.

---

[1] The record reflects that only seven new employees in the bargaining units covered by the vote were hired in the fall.

[2] When questioned at oral argument about why the Board was pursuing this action even though the school had closed, counsel for the Board stated that providing notice of its action to the former employees furthers the Board's mission of ensuring that workers are aware of their rights.

To start the election process to certify a union, a petition must first be filed showing interest in the union from "a substantial number of [the] employees." 29 U.S.C. §159(c)(1)(A). "[C]ourts have consistently held that 'the validity of the showing of interest is for administrative determination and may not be litigated by the parties' at any stage of the proceeding." *Wright Mem'l Hosp. v. N.L.R.B.*, 771 F.2d 400, 406 (8th Cir. 1985) (quoting *N.L.R.B. v. Air Control Prods.*, 335 F.2d 245, 250 (5th Cir. 1964)); *accord N.L.R.B. v. Metro-Truck Body, Inc.*, 613 F.2d 746, 750 (9th Cir. 1979) (collecting cases); *N.L.R.B. v. P.A.F. Equip. Co.*, 528 F.2d 286, 287 (10th Cir. 1976). We agree that the validity of the showing of interest is generally non-litigable because the ultimate question of union support is determined by the actual representation election. *See Wright Mem'l Hosp.*, 771 F.2d at 406-07. While Regional Directors may conduct investigations into the showing of interest where a party has submitted credible evidence of forgery, misconduct, or fraud, Blue School did not submit any such evidence. *See* N.L.R.B. Casehandling Manual Part Two: Representation Proceedings, §§11028.1, 11029.1, 11029.3 (Sept. 2020). Thus, the Board did not err in denying Blue School's request for an opportunity to contest the showing of interest.

After a petition is filed demonstrating sufficient interest in the union, the applicable Board rules instruct Regional Directors to determine "the earliest date practicable" to hold an election. 29 C.F.R. §102.67(b). The Regional Director may exercise discretion to postpone an election, as relevant here, where workers are employed seasonally or where current employees are not a substantial and representative complement of the planned unit. *See, e.g.*, *Saltwater, Inc.*, 324 N.L.R.B. 343, 344 (1997);

6

*Gen. Cable Corp.*, 173 N.L.R.B. 251, 251-52 (1968). The Board considers employees to be seasonal when an employer hires them during one or more peak employment "seasons" during the year but lays them off between their periods of work. *See generally Continental Nut Co.*, 195 N.L.R.B. 841 (1972). The Board has not set a threshold for when an existing complement of employees is substantial and representative, but precedent establishes that the standard is met when at least "30 percent of the eventual employee complement is employed in 50 percent of the [anticipated] job classifications." *Shares, Inc.*, 343 N.L.R.B. 455, 455 n.2 (2004), *enforced*, 433 F.3d 939 (7th Cir. 2006); *Custom Deliveries*, *Inc.*, 315 N.L.R.B. 1018, 1019 n.8 (1994).

No delay in the election was required here. All evidence indicated that faculty maintained their employment throughout the year with little to no fluctuation – and thus were not seasonal employees. Additionally, the Regional Director found that Blue School's then-current employees constituted at least 84 percent of the planned unit, and Blue School never argued that it would create new job categories. Thus, the Regional Director found that the current employees occupied 100 percent of the anticipated job classifications. The Regional Director therefore reasonably determined that Blue School's then-current employees easily met the minimum threshold for a substantial and representative complement of the planned unit, and the Board appropriately directed an immediate election.

The Board also appropriately upheld the Regional Director's decision to conduct the election by mail. The Board applies two tests to determine whether a mail-ballot election is appropriate: the traditional test and the *Aspirus* test. *See San Diego Gas &*

7

*Elec.*, 325 N.L.R.B. 1143, 1144-45 (1998); *Aspirus Keweenaw*, 370 N.L.R.B. No. 45, slip op. at 6-12, 2020 L.R.R.M. (BNA) 433964 (November 9, 2020). The Board applied both in this case, and each provides an independent basis to affirm.

The Board's traditional test calls for mail-ballot elections when, as relevant here, employees are scattered over a wide geographic area or across different work schedules. *See San Diego Gas & Elec.*, 325 N.L.R.B. at 1144-45. Substantial evidence supported the Regional Director's determination that the scattering of employees during the summer break presented a challenge to in-person voting. The Board thus appropriately upheld the Regional Director's decision to conduct a mail-ballot election. Because we find that substantial evidence supported the Board's decision to order a mail ballot election under the traditional test, we do not consider the Board's application of the *Aspirus* test.

## II.     Election Objection and Certification

Blue School next argues that the Board erred in overruling Blue School's post-election objection without a hearing.

The Board will set aside an election only where "conduct so interfered with the necessary laboratory conditions as to prevent the employees' expression of a free choice in the election." *Dairyland USA Corp.*, 347 N.L.R.B. 310, 313 (2006) (citation and quotation marks omitted). Where, as here, "the claimed disruption is by nonparties (employees)," the Board will decline to certify an election if the conduct "substantially impaired the employees' exercise of free choice." *Amalgamated Serv. & Allied Indus. Joint Bd. v. N.L.R.B.*, 815 F.2d 225, 230 (2d Cir. 1987) (citation and quotation marks omitted). Blue School "was entitled to a hearing if by prima facie evidence, it

8

demonstrated the existence of substantial and material factual issues which, if resolved in its favor, would require the setting aside of the representation election." *N.L.R.B. v. Nixon Gear, Inc.*, 649 F.2d 906, 910 (2d Cir. 1981) (citation and quotation marks omitted). To receive a hearing, Blue School was first required to submit an offer of proof "identifying each witness the party would call to testify . . . and summarizing each witness's testimony." 29 C.F.R. §102.66(c).

Blue School's offer of proof did not satisfy the threshold requirements for a hearing because it neither indicated which employees would testify nor summarized the anticipated testimony. *See* 29 C.F.R. §102.66(c). Furthermore, even if Blue School's offer of proof had been sufficient, the evidence proffered by Blue School fell short of demonstrating substantial impairment of employees' exercise of free choice; to the contrary, it revealed that employees encouraged voting and generally supported the Union. *See Amalgamated Serv.*, 815 F.2d at 230.

In sum, we find no error in the Board's actions. Accordingly, for the foregoing reasons, the application for enforcement is **GRANTED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court